UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DEREK MORTLAND**, | )<br>) |
| Plaintiff, | ) Case No. 2:24-cv-10535<br>) |
| v. | )<br>) |
| **FP SEPARATED HOTELS OWNER,** | ) Judge: |
| **LLC,** a Delaware limited liability | ) |
| company, | )<br>)<br>)<br>) |
| Defendant. | |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, DEREK MORTLAND, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **FP SEPARATED HOTELS OWNER, LLC**, a Delaware limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §

12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, DEREK MORTLAND ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **FP Separated Hotels Owner, LLC** owns or operates Courtyard

2

by Marriott Flint located at 5205 Gateway Center, Flint, MI 48507 in Genesee County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **FP Separated Hotels Owner, LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or it predecessor commencing in 1997 and granted permits for occupancy in 1999 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses

3

a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in throughout Michigan. He travels to Mid-Michigan and Southeast Michigan many times annually for business.

10. During the Plaintiff's stay, and most recently on the night of May 23-24, 2023, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits

the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of

business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of Courtyard by Marriott Flint, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Hotel Entry

A. Designated accessible parking spaces have not been maintained as evidenced by fading paint causing the spaces to be indistinguishable from non-accessible spaces, in violation of the ADA and 49 CFR 37.161, whose remedy is readily achievable.

B.     Some designated accessible parking spaces entirely lack signage, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

C.     The accessible route from the designated accessible parking spaces to the entrance does not meet required width due to vehicles impeding the route. Installation of wheel stops could ensure required width.  This is in violation of the ADA and section 403.5.1 of the 2010 Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D.     The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Type and Number of Designated Accessible Guestrooms

E. Upon information and belief, the hotel lacks the required amount of guestrooms equipped with mobility features, whereas for a hotel with 102 guestrooms a minimum of seven are required including two fitted with Roll-in Showers, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

F. The designated accessible guestrooms are not dispersed among the various classes of guestroom whereas, there are suites with Jacuzzi tubs but none are fitted with accessible features, in violation of the ADA and Section 224.5 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestroom #107

G. The entrance door exceeds 5lbs of pressure to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 4.13.11 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

H. Emergency signage on the door is non-compliant as to form, in violation of the ADA and section 216.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

I. The closet rod, shelf, iron, and ironing board are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

J. The adjoining room locking hardware requires tight grasping or twisting to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and Section 4.13.9 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

K. There is a grab bar located behind the fixed seat, in violation of the ADA and Section 607.4.2 of the 2010 Standards and Section 4.20.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

L. The handheld shower sprayer is located above allowable reach range and mounting bar is not located as required, in violation of the ADA and Section 308.2.1 and 608.6 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

M. The entrance to the shower contains excess slope, in violation of the ADA and Section 608.2.2.1 of the 2010 Standards and Section 4.21.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

N. The flush control is not located on the open side of the water closet, in violation of the ADA and section 604.6 of the 2010 Standards and Section 4.16.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

O. The bathroom threshold exceeds ½ inch and lacks beveling, in violation of the ADA and section 404.2.5 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

P. The lavatory pipes are not completely insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standards and Section 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Q. The mirror is located in excess of allowable height from the finish floor to the reflective surface, in violation of the ADA and Section 603.3 of the 2010 Standards and Section 4.19.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

R. The desk in the room does not provide required knee clearance, in violation of the ADA and Section 306.3.3 of the 2010 Standards and Section 4.32.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

S. The curtain adjuster is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA and Section 308.2.1 and 309.4 of the 2010 Standards and Section 4.2.5 and 4.13.9 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

T. The bed lacks required maneuvering clearance around in, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods and Services

U. The lowered portion of the registration counter does not meet the required width, in violation of the ADA and Section 904.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

V. The credit card reader is located above allowable reach range, in violation of the ADA and Section 308.3.2 of the 2010 Standards and Section 4.2.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

W. The computer and boarding pass printer are located above allowable reach range, in violation of the ADA and Section 308.3.2 of the 2010 Standards and Section 4.2.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Public Restrooms

X. The entrance door for the men's room exceeds 5lbs of pressure to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 4.13.11 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Y. The men's room mirror is located in excess of allowable height from the finish floor to the reflective surface, in violation of the ADA and Section 603.3 of the 2010 Standards and Section 4.19.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Z. The operable parts of the men's room soap dispenser are located above allowable reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

AA. The coat hook in the men's room is above allowable reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

BB. The men's room toilet compartment door lacks handles on both sides, in violation of the ADA and Section 604.8.1.2 of the 2010 Standards and Section 4.17.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

CC. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

Fitness Room

DD. The entrance door exceeds 5lbs of pressure to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 4.13.11 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

EE. There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and section 403.5.1 of the 2010 Standards and 4.3.3 of the 1991 Standards, whose remedy is strictly required or, at

minimum, is readily achievable.

FF.  The free weights and shelves are inaccessible due to a lack of clear floor space to approach the amenities, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Pool Area

GG.  The pool entrance door exceeds 5lbs of pressure to operate in violation of the ADA and section 309.4 of the 2010 Standards and 4.13.11 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

HH.  The pool lift was not in working order due to no power, in violation of the ADA and section 242.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

II.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

16.  The discriminatory violations described in Paragraph 15 by Defendant **FP Separated Hotels Owner, LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against

and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by **FP Separated Hotels Owner, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against

Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187 and §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. **FP Separated Hotels Owner, LLC** owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Mortland and others with mobility impairments compliant transient lodging despite the property being granted first occupancy after the enactment of the Americans with Disabilities Act and furthermore has renovated without undertaking required, or at minimum, readily achievable barrier removal.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages

to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    Respectfully Submitted,

    *Counsel for Plaintiff:*

    /s/ Owen B Dunn Jr.
    Owen B. Dunn, Jr., Esq. (p66315)
    Law Offices of Owen Dunn, Jr.
    The Offices of Unit C
    6800 W. Central Ave., Suite C-1
    Toledo, OH 43617
    (419) 241-9661 – Phone
    (419) 241-9737 – Facsimile
    Monroe, MI (734) 240-0848
    dunnlawoffice@sbcglobal.net